JEN JENSEN AAKJER, PLAINTIFF AND APPELLEE, v. CORNELIUS MAIR, DEFENDANT AND APPELLANT.

Submitted March 20, 1913—Decided June 17, 1913.

1. On appeal from the District Court, the Supreme Court need not review objections specified in the state of the case, but not referred to upon the argument or in the briefs presented on behalf of the appellant.

2. Where plaintiff contracted to erect a building for the defendant for the sum of $7,766 and did that work and extra work besides, and was paid, all told, $8,800, he may recover for a part of such extra work where it is open to the jury to find that payment for the extra work sued for was not included in any of the payments received by him.

---

On appeal from the District Court of the city of Elizabeth.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *John J. Stamler.*

For the appellee, *Sidney W. Eldridge.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below sued to recover the sum of $208.15 for extra work done on a building of the defendant which plaintiff had a contract to build for $7,766. The jury awarded plaintiff a verdict for $101.95, and from the consequent judgment the defendant appeals.

Of the several objections specified as reasons for reversal, the only one referred in the brief presented on behalf of the appellant is that the court refused to direct a verdict in favor of the defendant, and that objection alone need be considered. *Aschenburg* v. *Mundy,* 47 *Vroom* 352.

In his brief the appellant states his position as follows: "The precise question for this court to determine is, if there is a written contract to perform certain work for $7,766, and a claim by the plaintiff for extra work amounting, as claimed by him, to $208.15, and he admits and concedes that he received $8,800 from the defendant on the job in question, is he still entitled under any circumstances to recover anything for the alleged extra work?"

We think there may be circumstances under which a plaintiff in that situation may recover, and we agree with the trial judge that the evidence in this case required the submission of the case to the jury.

A part of plaintiff's claim for extra work was for labor and materials supplied in the erection of a counter in the defendant's store building, and for this only he recovered.

This counter was not included in the written contract to erect the store building for $7,766. It was open to the jury to find that other extra work was done, and, in fact, that seems to be conceded. The plaintiff received in all, "on the job," $8,800, the last installment of which was a payment of $3,000. It was also open to the jury to find from the conflicting evidence that the last payment of $3,000, on account of the original contract price and extra work, did not include payment for the counter. The claim made by the defendant

that the plaintiff agreed to "make him a present" of the counter was denied by the plaintiff. And so a typical jury question was presented.

The judgment will be affirmed.